UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COURTNEY BLAKE,

        Petitioner,

v.                                Case No:  2:14-cv-253-FtM-36DNF
                                                  2:10-cr-135-FtM-36DNF

UNITED STATES OF AMERICA,

        Respondent.

_____/

**<u>ORDER</u>**

        This cause is before the Court pursuant to a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence by Courtney Blake ("Petitioner") (Doc. 1, filed May 8, 2014).[1]  In response to the Court's order to show cause (Doc. 8), the Government filed a response which incorporated a motion to dismiss Petitioner's § 2255 motion as barred by the statute of limitations (Doc. 8). Despite being advised of his right to do so (Doc. 10), Petitioner filed no reply.  Subsequently, Respondent filed a motion for judgment on the pleadings (Doc. 11), to which Petitioner did not respond.

        Petitioner raises the following claims in his motion: (1) counsel was ineffective for failing to challenge the use of Petitioner's prior criminal convictions at sentencing; and (2) pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Donawa v. United States Att'y Gen.*, 735 F.3d 1275 (11th Cir. 2013), a conviction under Florida Statute § 893.13 is not a controlled substance offense (Doc. 1 at 4-5; Doc. 2).

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this Order.  The Court will refer to the docket of the civil habeas case as "Doc." and will refer to the docket of the underlying criminal case (MDFL Case No. 2:10-cr-135-CEH-DNF-1) as "Cr. Doc."

Upon review of Petitioner's claims and the Government's response, the Court concludes that Petitioner's § 2255 motion must be dismissed as untimely.

## I.      Background

In August of 2010, Petitioner was charged with possession with intent to distribute five or more grams of a mixture or substance containing cocaine base or crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Cr. Doc. 1; Cr. Doc. 21).   Petitioner pleaded guilty to possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)  (Cr. Doc. 23).  He was sentenced to 120 months in prison (Cr. Doc. 37).  On April 6, 2011, Petitioner filed a notice stating that he would not appeal (Cr. Doc. at 38).

Petitioner signed the instant motion to vacate on May 5, 2014 (Doc. 1).

## II.      Analysis

Pursuant to 28 U.S.C. § 2255(f), the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)      the date on which the judgment of conviction becomes final;

(2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   The Government contends that Petitioner's § 2255 motion is subject to dismissal because it was not timely filed under any subsection of § 2255(f) (Doc. 8 at 3, 5-6). The Court agrees.

### A.   Petitioner's 28 U.S.C. § 2255 motion is time-barred under § 2255(f)(1)

In the present case, Petitioner's judgment of conviction became final on April 6, 2011, when his time for filing a direct appeal expired. *See Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000); *Murphy v. United States*, 634 F.3d 1303, 1308 n. 13 (11th Cir. 2011) ("[I]t is settled law that a judgment of conviction is not final until the time for appealing the judgment has run[.]").  Because Petitioner's judgment of conviction became final on April 6, 2011, he had through April 6, 2012 to file a § 2255 motion.   Petitioner did not file his § 2255 motion until May 5, 2014 (Doc. 1 at 13).   Therefore, it was filed 759 days late unless tolling principles apply to render it timely.

The United States Supreme Court has explained that the one-year limitation of 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar and is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). [2]  Under *Holland*, a petitioner is entitled to equitable tolling if he can show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland* 560 U.S. at 649; *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (recognizing that the statute of limitations in § 2255 proceedings may be subject to equitable tolling).   Equitable tolling is typically applied sparingly, *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and is

---

[2] Title 28 U.S.C. § 2244 governs petitions under § 2254. Title 28 U.S.C. § 2244(d) uses nearly identical language to establish the statute of limitation under 28 U.S.C. § 2254. The United States Supreme Court has consistently analogized the legal principles governing state prisoners' habeas corpus petitions under § 2254 with those governing federal prisoners under § 2255. *See, e.g., Reed v. Farley*, 512 U.S. 339, 353 (1994) (stating § 2255 "intended to mirror 2254 in operative effect[.]").   Accordingly, it is appropriate to apply *Holland* to § 2255 motions.

3

available "only in truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of <u>either</u> extraordinary circumstances or diligence; rather he must establish <u>both</u>. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006).

Petitioner's motion does not address its untimeliness.  Moreover, the Court advised Petitioner that Respondent sought dismissal of his petition as time-barred and cautioned that "the denial of his motion at this stage would represent a final adjudication of this case which may foreclose subsequent litigation on the matter." (Doc. 10 at 1) (citing *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985)).  On August 18, 2014, Petitioner was given forty-five days to respond to the Government's motion to dismiss, but no response has been filed.  Petitioner has demonstrated neither extraordinary circumstances, nor diligence to excuse his untimeliness.

**B.**     ***Descamps* did not re-start Petitioner's limitation period under 28 U.S.C. § 2255(f)(3)**

Subsection three of § 2255(f) starts the clock for § 2255 motions on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).  In his supporting memorandum, Petitioner raises a claim based upon *Descamps v. United States*, 133 S. Ct. 2276 (2013) (Doc. 2).[3]   Petitioner argues that the Supreme Court announced a new rule of law in *Descamps* and implicitly invites this Court to decide that *Descamps* is retroactively applicable to cases on collateral review. *Id.* at 3.

---

[3] In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach [to determining whether a prior offense was a violent felony under the Armed Career Criminal Act] when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282.

Petitioner's reliance on *Descamps* is misplaced. The Supreme Court has not declared its decision in the case to be retroactively applicable on collateral review. Moreover, the undersigned has found no cases in which *Descamps* was held to be retroactive on collateral review, although many cases have held to the contrary. *See, e.g., United States v. Boykin*, No. 4:14cv224–RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on *Descamps* as untimely); *Nipper v. Warden, FCC–Coleman*, 597 F. App'x 581, 583 (11th Cir. 2015) ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); *United States v. Davis*, No. 13 C 50360, 2014 WL 1047760, *5 (N.D. Ill. Mar. 18, 2014) ("[T]he *Descamps* decision did not announce a 'new rule' for the purposes of Section 2255(f)(3). . . . Thus, even if *Descamps* applies retroactively to cases on collateral review, it did not announce a 'new rule' that makes Section 2255(f)(3) applicable.").

Under this authority, Petitioner's invitation to this Court to declare *Descamps* retroactively applicable to cases on collateral review is rejected. The *Descamps* decision does not enable Defendant to circumvent the one-year statute of limitations through the application of 2255(f) (3).[4]

## III.   Conclusion

The claims raised in Petitioner's § 2255 petition (Doc. 1) are subject to dismissal as untimely. Accordingly, it is now **ORDERED:**

---

[4] Petitioner also argues that, based upon *Donawa v. United States Att'y Gen.*, 735 F.3d 1275 (11th Cir. 2013), his prior conviction under Florida Statue § 893.13 is not a serious drug offense (Doc. 1 at 1-2). *Donawa* is not a United States Supreme Court case and is not contemplated to restart the limitations period under § 2255(f)(3) or any other subsection of § 2255(f). Moreover, Petitioner has not alleged that a government impediment prevented him from timely filing a § 2255 petition nor that facts supporting his claims could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2),(4).

1.      Respondent's motion for judgment on the pleadings before it (Doc. 11) is **GRANTED**.

2.      Petitioner's motion to vacate, set aside, or correct sentence (Doc. 1, Cr. Doc. 40) is **DISMISSED AS UNTIMELY** for the reasons set forth in this Order.

3.      The **Clerk of Court** is directed to enter judgment accordingly, terminate any pending motions, and close the civil file.  The Clerk is further directed to place a copy of this order and the civil judgment in the criminal file 2:10-cr-135-FtM-36DNF.

        **IT IS FURTHER ORDERED:**

        **A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

        Because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

        **DONE** and **ORDERED** in Tampa, Florida on August 27, 2015.

                                        Charlene Edwards Honeywell
                                        United States District Judge

6

SA: OrlP-4 8/27/15
Copies to: Courtney Blake
Counsel of Record